IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:07CR377-2 |
| CHAD DYLAN GRANT | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On November 2, 2009, Defendant moved this court for an order amending the judgment pursuant to Rule 36, Fed. R. Crim. P. The United States has not filed a response.

Rule 36 provides in pertinent part:

> After giving any notice it considers appropriate, the court may at anytime correct a clerical error in a judgment . . . or correct an error in the record arising from oversight or omission.

The court notes, as an initial matter, that neither of the two recommendations presently moved for by Defendant were requested by counsel or Defendant at the sentencing hearing.

Nevertheless, this court does find that in Defendant's case, both recommendations as to this Defendant are reasonable and, as with the co-defendant, Maurice Hodges, would have been included as a matter of course. The failure to do so was oversight on the part of this court. Accordingly, this court would be inclined to

grant Defendant's motion.  See United States v. Cronic, 466 U.S. 648, 667 n. 42 (1984) (stating that a District Court presented with a motion on a case that is on direct appeal has "jurisdiction to entertain the motion and either deny it on its merits, or certify its intention to grant the motion to the Court of Appeals, which could then entertain a motion to remand the case"); Fobian v. Storage Technology Corporation, 164 F.3d 887, 891 (4th Cir. 1999) (formally adopting Cronic's jurisdictional procedure in the Fourth Circuit).

Nevertheless, written judgment was entered in the matter on October 30, 2009.  Defendant subsequently filed notice of appeal on November 2, 2009, and Defendant's appeal is currently pending in the Fourth Circuit Court of Appeals.  Therefore, this court does not have jurisdiction to grant Defendant's motion at the present time and may only certify its intention to do so if the Court of Appeals remands the case on this issue.  See Cronic, 466 U.S. at 667 n. 42; Fobian, 164 F.3d at 891.

Accordingly, Defendant's motion is DENIED, without prejudice to Defendant's right to refile said motion at such time as this court has jurisdiction to grant the motion.

This the 2nd day of December 2009.

/s/ William L. Osteen, Jr.
United States District Judge